## MAUMEE WATERSHED CONSERVANCY DISTRICT, In re.

Ohio Appeals, Third District, Defiance County.

No. 213.   Decided July 7, 1960.

Karl H. Weaner, Jr., General Counsel, John W. Winn, Defiance, for appellee, Maumee Watershed Conservancy District.

Anthony J. Bowers, Pros. Atty., John R. Evans, Lima, for appellant, Board of County Commissioners of Allen County.

(HURD, PJ, KOVACHY and SKEEL, JJ, of the Eighth District, sitting by designation in the Third District.)

## OPINION

By SKEEL, J.

This appeal comes to this court on questions of law from a decision

and judgment in favor of a plan submitted by the directors of the Maumee Watershed Conservancy District, entered by the Common Pleas Court of the Maumee Watershed Conservancy District, upon hearing of objections filed to such plan, the session of the court being held and concluded in Defiance, Defiance County, Ohio, on February 10, 1960.

The Maumee Watershed Conservancy District, consisting of fifteen counties, was organized as provided by §§6828-1 to 6828-79 GC (now **Chapter 6101 R. C.**), in December, 1948. Directors were appointed as provided by law and an engineer employer to make a study of the needs of the Conservancy District.

In May, 1959, the Board presented a plan consisting of a number of projects covering the entire district, three of which were to be constructed at once and the remainder to receive further study. This plan was rejected by the court for failure to follow procedures provided by law.

The statute, §6828-12 GC (now §6101.13 R. C.), prior to October 12, 1959, provided in part:

"Upon its qualification, the board of directors of a conservancy district shall prepare a plan for the improvements for which the district was created. No plan or portion of a plan shall be prepared providing a water supply for domestic, industrial, or public use, or providing for the collection and disposal of sewage and other liquid wastes, for any municipal corporation, unless the governing body of such municipal corporation has petitioned the board to provide a water supply or a system for the collection and disposal of sewage and other liquid wastes, or has signed the petition initiating the proceeding by which the district acquired authority to undertake such improvements. Such plan shall include such maps, profiles, plans, and other data and descriptions as are necessary to set forth properly the location and character of the work, and of the property benefited or taken or damaged, with estimates of cost for doing the work.

"* * *"

The statute then provides that "upon the completion of the plan" copies are to be filed with the department of health for approval or disapproval of the provisions relating to water supply. If approved, the procedures for a hearing of objections before the court shall be followed, after which the plan may be approved, with or without modification. If the department of health does not give its approval, then the statute provides for the presentation of an amended plan.

In 1959 the legislature amended §6101.13 R. C., authorizing the submission of a partial plan. The section now reads, in part:

"Upon its qualification, or as soon thereafter as it may find practicable, the board of directors of a conservancy district shall prepare a plan for such part or parts of the improvements for which the district was created as the board of directors shall deem advisable. * * *"

After the court rejected the plan first submitted and after the foregoing amendment to §6101.13 R. C., had become effective, the board of directors of the Maumee Watershed Conservancy District, after complying with all necessary procedures, submitted for the approval of the court a partial plan covering the three projects scheduled for

immediate construction under the rejected plan. Objections were filed and after all preliminary procedures were complied with, a hearing was had before the court beginning February 8, 1960, and concluding February 10, 1960, when the judgment of the court was returned and journalized, approving what is now called a "partial" plan by the appellant.

There is no contention here that the approval of the plan is not supported by credible evidence on the issues of fact presented by the objections. It is the contention of the appellant that the affairs of the Maumee Watershed Conservancy District are a proceeding within the contemplation of §1.20 R. C., and must therefore be conducted in the manner provided by the law in force at the time the proceeding was filed. It is claimed that the law at that time required the directors to file a complete plan covering the entire district and that the court was without jurisdiction to consider or approve a partial plan.

These claims cannot be supported. The creation of a conservancy district requires the judgment of the Conservancy Court approving its creation. When the judgment is entered, such Conservancy District becomes a separate legal entity vested with all of the powers conferred upon it by law to be exercised in furtherance of its purposes by its directors. There is no provision of law in **Chapter 6101 R. C.**, whereby the court is empowered to direct the affairs of the Conservancy District. The court's further jurisdiction after the creation of the district can only be invoked in the manner provided by law. In the case now under consideration, the jurisdiction of the Conservancy Court (Common Pleas Court composed of one judge from each county in the district, in this case there being fifteen judges) was invoked by the filing of a plan as provided by §6101.13 R. C., and by the service of notice, the issues to be tried being those created by the filing of objections within the time and manner provided by law. The statutes in effect at the time of the filing of the plan are controlling and not those previously repealed.

Although the claim of the appellant, that under the original conservancy act the directors were compelled to request the Conservancy Court for an approval of a complete over-all plan as distinguished from what is here claimed to be only a partial plan, is not, under our conclusion as to the character of these proceedings, important; yet we are not in accord with such contention. A Conservancy District is usually confronted with many problems of diverse character—flood control, drainage, irrigation, disposal of liquid waste and the like. The manner of accomplishing one or more of these purposes may be completely dependent on the manner and success of the solution of those problems that require first consideration. It is conceivable that that part of the program first accomplished would wholly eliminate or completely change the manner of approaching remaining problems. It is our conclusion that the order and manner of conducting the affairs of a Conservancy District are for the determination of the directors, subject to the approval of the court when presented for that purpose. Of course, since the amendment to §6101.13 R. C., effective October 12, 1959, there can be no doubt about it.

For the foregoing reasons, we affirm the judgment of the Conservancy Court of February 10, 1960.

Exceptions. Order see journal.

HURD, PJ, KOVACHY, J, concur.